STATE OF WEST VIRGINIA

FILED

**September 3, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* N.C., A.S., and K.S.

No. 20-0152 (Randolph County 18-JA-144, 18-JA-145, and 18-JA-146)

# MEMORANDUM DECISION

Petitioner Mother K.C., by counsel Heather M. Weese, appeals the Circuit Court of Randolph County's January 13, 2020, order terminating her parental rights to N.C., A.S., and K.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Katherine A. Campbell, filed a response in support of the circuit court's order. The guardian ad litem, Melissa T. Roman, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her motion for a post-dispositional improvement period and in terminating her parental rights rather than imposing less-restrictive dispositional alternatives.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Following the filing of a child abuse and neglect petition in November of 2018, petitioner stipulated to allegations that she failed to provide the children with adequate supervision and exposed the children to unsafe situations. The circuit court accepted petitioner's stipulation to these allegations and adjudicated her as an abusing parent in January of 2019. Thereafter, petitioner was granted a post-adjudicatory improvement period. As conditions of her improvement period, petitioner agreed to the following terms: attend and provide truthful information during multidisciplinary team ("MDT") meetings; complete services established by the MDT, including parenting and adult life skills classes, individual counseling, and "Healthy Relationships" course; complete a parental fitness evaluation; demonstrate an ability to appropriately parent the children; submit to random drug screening; and remain drug and alcohol free.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

In February, April, and June of 2019, the circuit court held review hearings and continued petitioner's improvement period on its original terms. During this time, petitioner completed her parental fitness evaluation and received a "guarded to poor" prognosis by the psychological evaluator. In support of this prognosis, the evaluator noted that petitioner "minimized her difficulty with substances and thus demonstrate[d] little insight into the extent to which she would need to dedicate to maintain sobriety" and that her "[p]arenting assessment indicated a tendency to engage in abusive parenting tactics." The evaluation provided recommendations that petitioner "demonstrate six months of sobriety to show she is serious about taking care of her children," engage in counseling to "work on her emotional deficits," and engage in anger management to address her "extreme" anger problems.

In July of 2019, after the DHHR began unsupervised visits between petitioner and the children, petitioner tested positive for cocaine. Petitioner moved for an extension of her post-adjudicatory improvement period, and the circuit court granted a three-month extension with an additional term of anger management, per the recommendations of the parental fitness evaluation. In August of 2019, petitioner tested positive for alcohol, and the circuit court noted the DHHR's concerns regarding a new relationship between petitioner and a man "recently released from incarceration that overdosed in front of her." The circuit court found that petitioner had not been fully compliant with her improvement period, but continued her improvement period nevertheless.

The circuit court held a final review hearing in October of 2019 and, after hearing testimony from service providers and petitioner, concluded that petitioner was unsuccessful in her post-adjudicatory improvement period. In addition to petitioner's recent positive drug screens, the circuit court noted that petitioner engaged in relationships with inappropriate individuals. For instance, petitioner was seen with the biological father of one of the children whose parental rights were previously terminated. Petitioner also acknowledged that she lied to the DHHR and service providers about using cocaine and about her relationship with a "known criminal drug user" who overdosed in her presence. Critically, the circuit court noted that these instances of bad judgment occurred after the DHHR planned to reunify petitioner and the children in July of 2019. The circuit court found that petitioner "tried to sneak around and do whatever she wanted when nobody [was] watching and participate[d] in what [was] being watched." Finally, the circuit court concluded that petitioner was not successful in her improvement period because she was not implementing the lessons taught to her by her service providers. However, the circuit court ordered that the DHHR continue to provide services until the final dispositional hearing.

Prior to the final dispositional hearing in January of 2020, petitioner moved the circuit court for a post-dispositional improvement period and the DHHR filed a motion to terminate petitioner's parental rights. At the hearing, petitioner testified and presented the testimony of two service providers. During her testimony, petitioner asserted that she had been drug and alcohol free since August of 2019, and was attending religious services and "Celebrate Recovery" meetings. Petitioner also testified that she learned from her mistake of being dishonest with the MDT and service providers. However, the visitation provider testified that the children disclosed having a scheduled "secret visit" with petitioner in December of 2019. Additionally, although petitioner testified that she lived alone and was not in a relationship, the visitation provider testified that she heard movement from the second floor during a visitation with the children and that, prior to the

2

visitation, the children expressed hopes that "Brad" would be present for the visitation. Following the testimony, petitioner argued that, if the circuit court denied her motion for a post-dispositional improvement period, legal guardianship was an appropriate disposition. Petitioner further asserted that if the circuit court found that termination of her parental rights was necessary, then she would seek to voluntarily relinquish her parental rights.

Ultimately, the circuit court denied petitioner's motions and terminated her parental rights. The circuit court reasoned that petitioner was not entitled to a post-dispositional improvement because she failed to progress in services during her post-adjudicatory improvement period and the extension of the same. The circuit court reiterated concerns regarding petitioner's lack of honesty during her improvement period, her failure to internalize services, and her continued drug use and association with inappropriate individuals after the DHHR initiated reunification. Further, the circuit court found that there was no reasonable likelihood that the conditions of neglect and abuse could be substantially corrected in the near future because petitioner was unwilling or unable to provide adequate care for the children. The circuit court found that termination of petitioner's parental rights was in the best interests of the children and denied petitioner's motion for legal guardianship as that disposition would not provide permanency for the children. Finally, the circuit court denied petitioner's request to voluntarily relinquish her parental rights to the children due to her failure to improve during the year-long improvement period. The circuit court memorialized its decision by its January 13, 2020, order. Petitioner now appeals that order.[2]

The Court has previously held:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in denying her motion for a post-dispositional improvement period. She asserts that the circuit court disregarded her testimony that she had abstained from controlled substances and alcohol and would be honest with service

---

[2]K.S.'s father's parental rights were also terminated during the proceedings below. According to the parties, the permanency plan for that child is adoption by her maternal grandparents. K.C. and A.S. have achieved permanency in the custody of their nonabusing father.

3

providers in the future. Petitioner argues that this change constituted a substantial change in circumstances sufficient for the granting of a second improvement period. We disagree.

In order to be granted a post-dispositional improvement period, West Virginia Code § 49-4-610(3)(B) requires that petitioner "demonstrate[], by clear and convincing evidence, that [she was] likely to fully participate in the improvement period." Because petitioner was previously granted an improvement period, she was also required to "demonstrate[] that since the initial improvement period, [she] has experienced a substantial change in circumstances [and] . . . due to that change in circumstances, [she] is likely to fully participate in the improvement period." W. Va. Code § 49-4-610(3)(D). Further, "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period." *In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015). Contrary to her argument on appeal, petitioner failed to demonstrate a substantial change in circumstances. During her post-adjudicatory improvement period, petitioner abstained from controlled substances for six months, but, ultimately, relapsed by using cocaine and alcohol and lied to the MDT about that use. Thus, petitioner's later testimony, that she was five months sober, was not compelling. Additionally, petitioner continued to engage in dishonest behavior as evidenced by her children's statements about "secret visits" that she could not explain. Based on petitioner's failure to demonstrate a substantial change in circumstances, the circuit court did not abuse its discretion in denying petitioner an additional improvement period.

Petitioner also argues that the circuit court erred in denying her motion for a less-restrictive disposition than the termination of her parental rights. As mentioned above, petitioner moved for a legal guardianship, or, alternatively, to voluntarily relinquish her parental rights prior to termination. Notably, the circuit court made the requisite findings to terminate petitioner's parental rights, and petitioner fails to challenge those findings on appeal. Pursuant to West Virginia Code § 49-4-604(c)(6), a circuit court may terminate a parent's parental rights upon findings that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. The circuit court may find that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" when

> [t]he abusing parent or parents have not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health, or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare, or life of the child.

West Virginia Code § 49-4-604(d)(3). Based on the evidence that petitioner continued to use controlled substances, continued to associate with inappropriate individuals, and failed to improve her parenting skills after participating in extensive services, we find that these findings are fully supported by the record.

Due to the circuit court's finding that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the near future, there is no error in its subsequent termination of petitioner's parental rights without the use of a less-restrictive dispositional alternative. We have previously held that

4

"[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Thus, the circuit court did not err in denying petitioner's motion for legal guardianship, which is a less-restrictive alternative to the termination of parental rights under West Virginia Code § 49-4-604(c)(5).

Finally, petitioner fails to provide any authority in support of her argument that the circuit court abused its discretion in denying her motion to voluntarily relinquish her parental rights. Rather, this Court has held that

[a] circuit court has discretion in an abuse and neglect proceeding to accept a proffered voluntary termination of parental rights, or to reject it and proceed to a decision on involuntary termination. Such discretion must be exercised after an independent review of all relevant factors, and the court is not obliged to adopt any position advocated by the Department of Health and Human Resources.

Syl. Pt. 4, *In re James G.*, 211 W. Va. 339, 566 S.E.2d 226 (2002). Here, the circuit court stressed petitioner's failure to improve her parenting after a year of participation in the proceedings and services. Additionally, the circuit court found that there was no reasonable likelihood that the conditions of neglect or abuse would be substantially corrected in the near future. Based on these findings, we find that the circuit court did not abuse its discretion in denying petitioner's motion to voluntarily relinquish her parental rights and proceeding to terminate her parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 13, 2020, order is hereby affirmed.

Affirmed.

**ISSUED**: September 3, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

5